# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **STEPHANIE A. SWINEY,** | ) | |
| Plaintiff, | ) | Civil Action No. 2:14cv00011 |
| | ) | |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| | ) | |
| **CAROLYN W. COLVIN**, | ) | |
| **Acting Commissioner of** | ) | By: PAMELA MEADE SARGENT |
| **Social Security,** | ) | UNITED STATES MAGISTRATE JUDGE |
| Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 18) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Stephanie A. Swiney, ("Swiney"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order and judgment entered July 13, 2015, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item Nos. 16, 17.) Counsel for Swiney filed a petition seeking approval of a fee of $5,800.00 for representing Swiney in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 18.) The Commissioner was ordered to respond to the

Case 2:14-cv-00011-PMS   Document 20   Filed 11/10/16   Page 1 of 6   Pageid#: 1348

Motion, but did not do so.  (Docket Item No. 19.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  42 U.S.C.A. § 406(b)(1)(A) (West 2011).   The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings.  *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).   Here, the Social Security Administration has not awarded a fee for services performed before it.

The Supreme Court  has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002).  Swiney's counsel has not provided the court with a fee agreement in this case, but has provided the court with a copy of the Social Security Administration's May 15, 2016, Notice of Award Letter, which states that Swiney was entitled to $72,723.00 in past-due benefits and that it had withheld $18,180.75, or 25 percent, from Swiney's past-due benefits for payment of an attorney's fee. (Docket Item No. 18-1.)  The Notice of Award Letter also indicates that, pursuant to a fee agreement, counsel could not charge Swiney more than $6,000.00 for his representation of her.[1]

---

[1] Although counsel did not file a copy of the fee agreement with the Motion, the undersigned located a September 20, 2010, agreement between Swiney and counsel, in which it

–2–

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

In the present case, Swiney's counsel has supplied evidence that shows that a total of 22.5 hours was spent in representing Swiney in this court. Counsel did not designate which of those hours were for services performed by an attorney and which were performed by paralegals, nor did he suggest an appropriate hourly fee for either the attorney's services or paralegal services rendered in this case.

The court notes that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v.*

---

was agreed that if the SSA favorably decided Swiney's claim, counsel's fee would be the lesser of 25 percent of all past-due benefits awarded to him and his family or $6,000.00. *See* Civil Action No. 2:14cv00011 (Docket Item No. 5-1 at 105.)

*Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel claims 3.00 hours of time for preparation of the Complaint, Summons and Civil Cover Sheet and 1.00 hour of time for electronically filing the same and paying the filing fee with this court. I will allow .75 hour of nonattorney time for these activities combined. Counsel claims 1.00 hour of time for mailing the Complaint and Summons to Regional Chief Counsel, U.S. Attorney and Attorney General, .50 hour of time for receipt of the return of service on these items and 1.00 hour of time for submission of the certified mail receipts. I will allow .75 hour of nonattorney time for these activities combined. Counsel also claims .25 hour of time for receipt and review of the Briefing Notice. I will allow .25 hour of nonattorney time for this. Counsel claims 1.00 hour of time for receipt

–4–

and review of the Administrative Transcript. I will allow .25 hour of attorney time for this. Counsel also claims .50 hour of time for submission of the Consent to Magistrate Judge Jurisdiction form and .25 hour of time for receipt and review of the Order referring the case to the Magistrate Judge. I will allow .25 hour of attorney time and .25 hour of nonattorney time for these activities combined. Counsel claims 8.00 hours of time for preparation of the Motion for Summary Judgment and Brief in Support. I will allow 5.00 hours of attorney time and 3.00 hours of nonattorney time for this. Counsel claims 1.00 hour of time for electronically filing the same. I will allow .25 hour of nonattorney time for this. Counsel also claims 1.00 hour of time for receipt and review of the Commissioner's Motion for Summary Judgment and Brief in Support. I find this request reasonable, and I will allow 1.00 hour of attorney time for this. Counsel claims 1.00 hour of time for receipt and review of the Order remanding the case to the Commissioner. I will allow .25 hour of attorney time for this. Lastly, counsel claims 3.00 hours of time for preparation of the Fee Petition currently before the court. I will allow 1.00 hour of attorney time and .50 hour of nonattorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 7.75 hours of attorney time and a total of 5.75 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $431.25 of the requested fee would be payable for nonattorney time. That

would leave $5,368.75 for counsel's time, which, if paid for the remaining 7.75 hours of work, would result in a payment of approximately $692.74 per hour. While I cannot, in good conscience, find that a fee of almost $700.00 an hour in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Swiney's fee agreement, which allowed for payment of the lesser amount of 25 percent of past-due benefits or $6,000.00. Here, 25 percent of Swiney's past-due benefits amounts to $18,180.75. Therefore, under the terms of the fee agreement, counsel cannot charge Swiney more than $6,000.00 for an attorney's fee. The amount requested is less than the $6,000.00 cap on attorney's fees in this case. There is no evidence that counsel's actions contributed to a delay allowing an accumulation of past-due benefits. Additionally, the Government has not responded to the Motion with any objection to the award of the requested fee. Lastly, as alluded to above, the requested fee falls beneath the statutory 25 percent cap. Considering these things, and in light of the fact that counsel undertook this case under a contingency fee arrangement, assuming the risk of no payment if benefits were not awarded, I find that a total fee of $5,800.00 is reasonable for the attorney's services before this court.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $5,800.00.

DATED: November 10, 2016.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

–6–